UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS I. AMSINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV934 AGF |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon consideration of plaintiff's financial affidavit, the Court finds that the motion should be granted. After reviewing the complaint, however, the Court finds that this case should be dismissed under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and state probate law. The IRS is the only named defendant. For relief, plaintiff seeks a court order directing the IRS to release information and injunctive relief relating to a living trust.

Plaintiff alleges that he is one of the beneficiaries of a multi-million dollar trust left to him and other of his family members by a deceased aunt. Plaintiff claims that the trustee embezzled money from the trust and used the money for her own purposes. Plaintiff says that he tried to get tax information from the IRS relevant to the embezzlement but that the IRS refused to release the information for privacy reasons.

## Discussion

Before bringing a FOIA claim in federal court, a plaintiff must have exhausted the available administrative remedies.[1] *E.g.*, *Brumley v. U.S. Dept. of Labor*, 767 F.2d 444, 445 (8th Cir. 1985). Additionally, to properly plead a case under FOIA, a plaintiff must allege in his complaint that "he exhausted his remedies under FOIA." *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988). "In the absence of such an allegation, he states no claim upon which relief can be granted." *Id.*

Plaintiff has not alleged that he properly exhausted his administrative remedies as described in 26 C.F.R. § 601.702. As a result, the complaint fails to state a claim under FOIA.

Each of plaintiff's non-FOIA claims arise under state law. Consequently, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] The method for properly exhausting an FOIA claim with the IRS is spelled out in 26 C.F.R. § 601.702(c)(10), (c)(13).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21 st day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE